IN THE UNITED STATES DISTRICT Court
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMELA KELLER | : | CIVIL ACTION |
| v. | : | |
| TELE-RESPONSE CENTER, INC. | : | NO. 09-6197 |

FILED

JUN 16 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM & ORDER

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

DATE: June 15, 2011

Presently before the Court is Plaintiff's Motion to Reinstate her Complaint. For the reasons set forth below, this Motion will be DENIED.

Plaintiff filed this action, alleging that she was terminated in violation of the Family and Medical Leave Act (FMLA) and the American's with Disabilities Act (ADA). The matter was originally assigned to Judge Buckwalter, who referred it to the undersigned to conduct a settlement conference. The conference was held on January 26, 2011, and the parties reached agreement to settle the case for $25,000. On January 31, 2011, having been notified by the undersigned that the case was settled, Judge Buckwalter dismissed the case with prejudice, pursuant to Local Rule 41.1(b).

Thereafter, I was advised on April 26, 2011 by counsel for the plaintiff, Jeremy Cerutti, that the parties had not yet signed a settlement agreement. Mr. Cerutti requested that I schedule another settlement conference to try and resolve the matter. I agreed to do so. In addition, since I

1

had no idea what the problems were, I notified counsel for both sides that the Court's jurisdiction in this case was going to expire on May 1, 2011, unless a Motion was filed by that date pursuant to Local Rule 41.1.(b).[1] On April 27, 2011 Plaintiff filed the present Motion to vacate the settlement and reinstate her Complaint.

On May 2, 2011, while that Motion was pending before Judge Buckwalter, but before Defendant filed a response, I conducted a second settlement conference. I learned during that conference that the settlement agreement was not signed because Plaintiff would not agree to give Defendant a General Release. I was able to persuade Defendant to limit the release to claims which are currently pending, but Plaintiff still refused to sign the agreement. After the conference, Defendant filed its response to the present Motion.

On May 17, 2011, counsel for Plaintiff wrote to Judge Buckwalter, asking that the present Motion be referred to me. On May 18, 2011, Judge Buckwalter denied the Motion, without prejudice, and once again referred the matter to me. The next day, May 19, 2011, both parties consented to have me conduct all further proceedings. Accordingly, on May 23, 2011, Judge Buckwalter referred the entire case to me.

I decided to try one more time to settle this case. However, before selecting a date, I contacted Mr. Cerutti, and asked him to meet with his client and prepare for me a Settlement Agreement that she would be willing to sign. On June 2, 2011, I received such a document. The cover letter stated: "Your Honor recently requested that I meet with my client and submit a proposed Settlement Agreement acceptable to her. I have done so and enclose herein for your

---

[1] An order of dismissal pursuant to 41.1(b) "may be vacated, modified, or stricken from the record, for cause shown, upon application of any party served within ninety (90) days of the entry of such order of dismissal."

2

review the proposed Agreement,"

The agreement submitted by Mr. Cerutti, limited the release only to "the claims currently pending against Tele-Response as outlined in her Complaint." With this agreement in hand, I scheduled a third Settlement Conference for today, June 15.

I was able to persuade the Defendant to accept the agreement as proposed, but remarkably Carmella Keller AGAIN refused to sign it. She represented to the Court that she never told Mr. Cerutti that the Agreement was acceptable, despite his claim to the contrary. Ms. Keller insisted that the case go to trial.

In order to vacate the present Order of Dismissal and reinstate Plaintiff's Complaint, the Court must find good cause. The law is clear that a change of heart by one of the parties is not good cause. See, e.g., Patterson v. Glaxosmithkline Pharm. Co., Civ. A. No. 04-4202, 2007 U.S. Dist. LEXIS 22407 (E.D. Pa. March 27, 2007); aff'd 298 Fed. App'x 118 (3d Cir. 2008); State Farm v. Makris, Civ. A. No. 01-5351, 2003 U.S. Dist. LEXIS 19510 (E.D. Pa. Oct. 21,2003). However, it is equally clear that for a settlement agreement to be binding, the client, not just counsel, must agree to it. Binder v. PPL Services Corp., Civ. A. No. 06-2977, 2009 WL 1674415 (E.D. Pa. June 15, 2009). Therefore, if Ms. Keller never agreed to the terms of the Agreement presented to the Court today, she would be entitled to have her Complaint reinstated. Unfortunately there is a disagreement between Ms. Keller and Mr. Cerutti on this point.

Both in writing on June 2, 2011, and in my courtroom today, Mr. Cerutti represented that he met with Ms. Keller, and she did agree to the terms set forth in the Settlement Agreement he provided to us. Based on his representations to the Court, Ms. Keller's conduct today is nothing more than a change of heart. Mr. Cerutti has appeared many times before the undersigned, and I

3

see no reason to discredit his version of what took place between him and Ms. Keller. I therefore find that Ms. Keller did agree to the Settlement Agreement that she now refuses to sign.. There is no just cause to allow her to walk away from it.

IN THE UNITED STATES DISTRICT Court
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMELA KELLER | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 09-6197 |
| TELE-RESPONSE CENTER, INC. | : | |

**FILED**

JUN 16 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## O R D E R

Plaintiff's Motion to vacate the Settlement Agreement and reinstate her Complaint is DENIED. Both sides shall comply with the terms of the Settlement Agreement presented to the Court today. Defendant shall make the monthly monetary payments outlined in that agreement, the next one coming due on July 1, 2011, the last one due on March 1, 2012. Plaintiff shall release Defendant from all claims currently pending against Tele-Rsponse as outlined in her Complaint

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

5